**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KELLEY A. MORAN,<br><br>Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA and MISERICORDIA UNIVERSITY,<br><br>Defendants. | CIVIL ACTION NO. 3:CV-13-765<br><br>(JUDGE CAPUTO) |

**MEMORANDUM ORDER**

Presently before me is Defendant Life Insurance Company of North America's ("LINA") Motion for Reconsideration (Doc. 43) of my August 27, 2014 Memorandum and Order granting Plaintiff's Motion for Limited Discovery. (Docs. 41; 42.) In that decision, I concluded that the denial of benefits at issue in this case is subject to *de novo* review. I also determined that Plaintiff may engage in limited discovery beyond the administrative record. LINA does not seek reconsideration of the finding that the *de novo* standard of review applies. Instead, LINA argues that it "is not automatic upon a finding that *de novo* review applies" that a court should consider supplemental evidence. And, because the August 27, 2014 Memorandum "does not explain why the Court should exercise its discretion to supplement the administrative record," LINA takes the position that "this omission constitutes an error of law." (Doc. 44, 2.) LINA's motion for reconsideration will be denied.

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry. Fed. R. Civ. P. 59(e). Alternatively, when the reconsideration motion

is not to amend or alter the judgment pursuant to Rule 59, Middle District of Pennsylvania Local Rule 7.10 allows a party to seek reconsideration within fourteen (14) days of entry of an order. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

As noted in the August 27, 2014 Memorandum, a district court reviewing an ERISA benefits determination *de novo* has discretion to consider supplemental evidence that was not before the administrator. *See Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 418 (3d Cir. 2011) (citations omitted); *see also Palma v. Harleysville Life Ins. Co.*, No. 12-2337, 2013

WL 6840512, at *6 (D.N.J. Dec. 23, 2013); *Irgon v. Lincoln Nat'l Life Ins. Co.*, No. 13-4731, 2013 WL 6054809, at *3 (D.N.J. Nov. 15, 2013); *Laslavic v. Principal Life Ins. Co.*, No. 11-684, 2013 WL 254450, at *9 (W.D. Pa. Jan. 23, 2013) ("a court reviewing a benefits decision *de novo* has discretion to consider 'any supplemental evidence' presented by the parties."). In view of the claims and allegations at issue in this case, supplementation of the record is necessary to conduct an adequate *de novo* review of the denial of benefits at issue. Reconsideration of my discretionary determination to allow Plaintiff to conduct limited discovery beyond the administrative record is not warranted.

Accordingly, **IT IS HEREBY ORDERED** that Life Insurance Company of North America's Motion for Reconsideration (Doc. 43) is **DENIED**.

October 20, 2014
Date

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge